IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ISAAC J. CULVER, III, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CRIMINAL NO. 5:17-cr-26 (MTT) |
| | ) CIVIL ACTION NO. 5:22-cv-1 (MTT) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On July 24, 2018, a jury convicted movant Isaac J. Culver, III of thirteen counts: (1) one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. §§ 1349 and 2; (2) ten counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; (3) one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2; and (4) one count of conspiracy to launder the proceeds of unlawful activity in violation of 18 U.S.C. § 1956. Docs. 1; 117.  Culver, represented by an attorney, now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Docs. 360; 363.  United States Magistrate Judge Charles H. Weigle recommends denying Culver's § 2255 motion. Doc. 383.  The Magistrate Judge also recommends denying a certificate of appealability.  *Id*. at 21-22.  Culver objected (Doc. 391), so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects, and the remaining portions for clear error.

---

[1] Culver timely filed his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 1, 2022 (Doc. 360), followed by an amended motion, or supplemental brief, on May 9, 2022 (Doc. 363).

Culver objects (1) "to the Magistrate's decision to not hold an evidentiary hearing on his ineffective assistance of counsel claim," and (2) "to the Magistrate's decision to not hold an evidentiary hearing on [his] juror claims." Doc. 391 at 1, 6. As a preliminary matter, the Court notes that the Magistrate Judge granted Culver two extensions of time to file a reply. Docs. 369; 371. He failed to file one. Moreover, Culver was given three extensions of time to file an objection, with a final deadline of December 29, 2023. Docs. 395; 397; 390. His objection was filed at 4:10 A.M. on December 30, 2023. Doc. 391.

**A. Ineffective Assistance of Counsel Claim**

Culver's ineffective assistance of counsel claim stems from the severance of his and co-defendant Progressive Consulting Technologies, Inc.'s trial from co-defendant Dave Carty's trial based on the Court's ruling that the deposition of Thomas Tourand would be admissible against Culver and Progressive, but not Carty. Docs. 360-1 at 1-8; 363 at 1-14. According to Culver, he was placed at a disadvantage because he was unable to utilize Carty's attorneys, and instead only had his attorneys, John and Ed Garland. Docs. 360-1 at 1-2, 4; 363 at 1-4. He argues that this disadvantage was furthered by Ed Garland's alleged inability "to speak and participate in [his] representation, leaving [Culver] with the least experienced of the four attorneys," John Garland, whose performance was, according to Culver, deficient. Docs. 360-1 at 2-8; 363 at 2-8. The Magistrate Judge recommends rejecting Culver's arguments because the Garlands' "performance fell 'within the wide range of reasonable professional assistance'" and Culver "cannot show that he was prejudiced." Doc. 383 at 8.

Culver contends an evidentiary hearing regarding his ineffective assistance of counsel claim is necessary to ask John Garland:

1. "how being forced to trial in a significantly different role hamstrung his ability develop … a strategy to try the case."  Doc. 391 at 3.

2. "how his ability to develop a coherent trial narrative, cross-examine key witnesses like Allen Stephen and Romain Dallemand was affected by being forced to trial even though he was 'wholly unprepared.'" *Id*.

3. "whether the failures to call the contracting experts and pose the cross-examination questions of Mr. Dallemand are because of the post-hoc justifications provided by the Magistrate or because he did not have sufficient time to prepare his case." *Id*.

4. "whether the fact that he did not cross-examine Mr. Dallemand regarding his knowledge that Comptech was a passthrough and that Progressive was the vendor for the sales despite his 'strategy that the school district parties knowingly made a bargain and received what they bargained for' was because the denial of his motion to continue rendered his performance as ineffective as he predicted." *Id*.

5. "how being forced to trial while completely unprepared" affected his inability to present to the jury any evidence such as [a] recording between Mr. Culver, Progressive employees, and Tom Tourand" which allegedly "shows Tourand and Dallemand[] knew that Progressive was the vendor." *Id*. at 3, 5.

First, the Magistrate Judge fully addressed the issues raised in questions one through four in his Recommendation, and the Court agrees with the Magistrate Judge's conclusion that Culver failed to show how the Garlands' performance was deficient. Doc. 383 at 7-14.  Second, the recording referenced in question five was not raised in Culver's motion, it is not in the record,[2] and, as the Government points out, Culver provides no basis for the admissibility of this recording.  And even if the recording would have been admitted, it is unclear what effect the recording would have had when the overwhelming evidence at trial showed the defendants created an elaborate scheme to

---

[2] Culver directs the Court to an inaccessible Google Drive file.  Doc. 391 at 4 n.3.

disguise Progressive's involvement and defraud the Bibb County School District. Finally, Culver's ineffective assistance of counsel claim is based, in part, on a complete mischaracterization, or fabrication,[3] of the Garlands' roles at trial.  Docs. 360-1 at 2; 360-2; 363 at 2.  The Magistrate Judge detailed these mischaracterizations in his Recommendation, and Culver failed to address them in his objection.  Doc. 383 at 8-9.

In sum, Culver has failed to show that the Garlands' performance was deficient or otherwise resulted in prejudice.

**B. Juror Claims**

Culver's juror claims are based on (1) the jury foreman's spouse's interactions with the Government, and (2) juror 19's alleged failure to disclose his knowledge of Culver during voir dire.  Docs. 360-1 at 9-13; 363 at 14-18.  The Magistrate Judge recommends the Court reject these claims as procedurally defaulted because "any claims about juror bias were known and available to [Culver] at the time of his direct appeal," he "failed to raise either challenge in his direct appeal," and he cannot show cause or prejudice to excuse his default.  Doc. 383 at 15-21.  Culver contends that the Magistrate Judge is "incorrect" because "neither Juror misconduct claim was developed at trial in a manner that made them sufficient for presentation on appeal."  Doc. 391 at 6.

One overarching fact must be noted at the outset.  Culver's attorney, Dimitri Dube, entered an appearance on August 1, 2018, eight days after the jury returned its guilty verdict.  Docs. 117; 125.  Thereafter, Dube handled post-trial motions, Culver's

---

[3] For example, Culver claims that Ed Garland did not participate in the representation of Culver.  Docs. 360-1 at 2; 363 at 2; 391 at 2.  But Ed Garland was present and participated every day of trial—he even conducted the direct examination of multiple defense witnesses.  *See, e.g.*, Docs. 147 at 73:18-19; 158 at 216:16-217:8, 242:15-243:1; 159 at 204:4-7; 160 at 124:6-165:23; 161 at 85:25-87:1; 162 at 2:18.

direct appeal, and now, of course, Culver's § 2255 petition.  *See, e.g.*, Docs. 164; 171; 172; 174; 201; 211; 245; 343; 360; 363.

Dube ignores the facts in the record, which were extensively noted by the Magistrate Judge and the Government.  Specifically, the Court held a telephone conference with the Government and John Garland regarding the jury foreman's spouse and juror 19 on July 26, 2018—two days after the jury rendered its verdict.  Docs. 117; 134.  Moreover, Dube moved for an investigation and a new trial based, in part, on the foreman's spouse's conduct.  Docs. 141; 168 at 14-16.  But Dube failed to raise any issue as to juror 19 in those motions and failed to raise either issue on direct appeal.  *United States v. Culver*, 822 F. App'x 976 (11th Cir. 2020).  Finally, as to juror 19, the record is clear—juror 19 did not recognize Culver during voir dire.  *See* Docs. 134 at 5:1-21; 383 at 17, 20-21.

In sum, the Magistrate Judge's 22-page, well-reasoned Recommendation fully and adequately addressed Culver's claims, and Culver's objection provides no basis to reject the Recommendation.  Accordingly, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 383) is **ADOPTED** and made the Order of the Court.  Culver's 28 U.S.C. § 2255 motion (Docs. 360; 363) is **DENIED**.  As recommended by the Magistrate Judge, a certificate of appealability is also **DENIED**.

**SO ORDERED**, this 9th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT